IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:13-cv-01162-RBJ-CBS

AMERICAN FAMILY MUTUAL INSURANCE COMPANY, a Wisconsin corporation,

    Plaintiff,

v.

ST. PAUL FIRE & MARINE INSURANCE COMPANY, a Minnesota corporation,
THE TRAVELERS INDEMNITY COMPANY, a Connecticut corporation,

    Defendants.
_____

**REPLY IN SUPPORT OF PLAINTIFF AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND REQUEST FOR ORAL ARGUMENT**
_____

Plaintiff, American Family Mutual Insurance Company ("American Family"), by and through its attorneys, Lambdin & Chaney, LLP, submits its Reply in Support of its Motion for Partial Summary Judgment (**Doc. #19**) as follows:

**REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

In reviewing Defendants' *Response to American Family Mutual Insurance Company's Motion for Partial Summary Judgment* (**Doc. #22**), Plaintiff notes that the substance of Defendant's Response to Plaintiff's Motion is largely identical to *Defendants' Combined Motion and Brief in Support of Summary Judgment* (**Doc. #20**). Accordingly, *Plaintiff American Family Mutual Insurance Company's Response to Defendants' Combined Motion and Brief in Support of Summary Judgment* (**Doc. #21**) effectively serves as a Reply to **Doc. #22**, and is incorporated fully herein by reference.

For ease of the Court's reference and cross-reference, however, Plaintiff provides more specific cross-reference in response to specific sections of Defendants' Response below. To avoid confusion, Plaintiff will refer to the various briefs set forth above by document number. Plaintiff adds additional substantive argument below where appropriate.

**Reply to "Response to American Family's Statement of Undisputed Facts," Doc. #22, p. 2:**

Defendants admitted to all of Plaintiff's Statement of Undisputed Facts, except for ¶ 13 and ¶ 22. Defendants' Response to ¶ 13 contains a denial with no facts or argument. It should be noted, however, that Defendants issued reservation of rights letters during the underlying lawsuit stating: "Travelers duty to defend RCS arises due to the fact that RCS qualifies as an additional insured on the 2003-2005 policies under endorsement G0322 (Ed. 12/97) and on the 2005-2006 policy under endorsement CGD246 (Ed. 10/02)." *See* **Doc. #20**, *Ex. M,* p. 3. Accordingly, Defendants' current denial is directly contrary to previous admissions made in writing.

Plaintiff's Reply to Defendants' Response to ¶ 22 is set forth in **Doc. #21**, "Response to Defendant's Statement of Undisputed Facts," ¶ 6, p. 2, which is incorporated herein by reference.

**Reply to "The Travelers Entities' Statement of Additional Undisputed Facts," Doc. #22, pp. 2-6:**

**Doc. #22**, "The Travelers Entities' Statement of Additional Undisputed Facts," ¶¶ 1-8, simply re-states verbatim **Doc. #20**, "Statement of Undisputed Facts," ¶¶ 7-14.

Therefore, Plaintiff incorporates herein by reference **Doc. #21**, "Response to Defendant's Statement of Undisputed Facts," ¶¶ 7-14, pp. 2-4.

**Doc. #22**, "The Travelers Entities' Statement of Additional Undisputed Facts," ¶¶ 9-14, simply re-states verbatim **Doc. #20**, "Statement of Undisputed Facts," ¶¶ 17-22. Therefore, Plaintiff incorporates herein by reference **Doc. #21**, "Response to Defendant's Statement of Undisputed Facts," ¶¶ 17-22, p. 4.

**Reply to "Response to American Family's Legal Standards," Doc. #22, pp. 6-7:**

Plaintiff incorporates herein by reference **Doc. #21**, "Response to Defendants' Duty to Defend Analysis," pp. 6-7.

**Reply to Doc. #22, ARGUMENT, Section A, pp. 7-8:**

Plaintiff incorporates herein by reference **Doc. #21**, ARGUMENT, Section 1, pp. 8-9.

Further, the AI endorsements for all Defendants' policies plainly state additional insured status extends to "any person or organization" that [Shaw] was required by written contract to include as an additional insured. Defendants claim the contract between Shaw and RCS only defines "Owner" as RCS, but this is not entirely true. The contract incorporated AIA Document A201-1997 (*see* **Doc. #20**, *Ex. E*), which states:

> The Owner is the person or entity identified as such in the Agreement…
> The term "Owner" means the Owner or the Owner's authorized representative.

**Doc. #20**, *Ex. E*, p. 11. The contract does not define "authorized representative," but a reasonable definition would include a person with authority to bind the Owner. Since Ms.

Peterson did so by signing the contract on behalf of RCS, she is an "authorized representative" of the Owner, and therefore the contract between RCS and Shaw required Shaw to extend her additional insured status as RCS' authorized representative.

**Reply to Doc. #22, ARGUMENT, Section B, Subsection 1, pp. 9-12:**

Plaintiff incorporates herein by reference **Doc. #21**, ARGUMENT, Section 2, pp. 9-13. The underlying complaint alleges when the Association transitioned from declarant control ("during which period a declarant, or persons designated by the declarant, may appoint and remove officers of the executive board," *see* C.R.S. § 38-33.3-301), but declarant control and declarant ownership are separate concepts, and neither the underlying complaint nor argument of Defendant's counsel establish that only property owned by RCS was damaged during the policy period of St. Paul Policy No. 1. In fact, assuming the facts alleged in the underlying complaint to be true, one could only reasonably conclude that "property of others" (that is, property owned by unit owners other than RCS) was damaged during the policy period of St. Paul Policy No. 1.

**Reply to Doc. #22, ARGUMENT, Section B, Subsection 2, p. 12:**

Plaintiff incorporates herein by reference **Doc. #21**, ARGUMENT, Section 3, pp. 13-15.

Further, Defendants previously issued reservation of rights letters stating: "Travelers duty to defend RCS arises due to the fact that RCS qualifies as an additional insured on the 2003-2005 policies under endorsement G0322 (Ed. 12/97) and on the 2005-2006 policy under endorsement CGD246 (Ed. 10/02)." *See* **Doc. #20**, ***Ex. M, p. 3***.

The fact Defendants are *now* denying a duty to defend upon a basis never before asserted speaks to the unreasonableness of their interpretation of their policy.

Under Colorado law, an insurance policy must be construed to meet the reasonable expectations of the insured. ***Bailey v. Lincoln General Ins. Co.***, 255 P.3d 1039, 1051 (Colo. 2011). No reasonable insured would read the AI endorsement and the coverage summary together to exclude coverage for the reasons set forth in **Doc. #21**, pp. 13-15.

**Reply to Doc. #22, ARGUMENT, Section B, Subsection 3, pp. 12-16:**

Plaintiff incorporates herein by reference **Doc. #21**, ARGUMENT, Section 4, pp. 15-18.

**Reply to Doc. #22, ARGUMENT, Section C, pp. 16-18:**

Defendants argue that because they had no duty to defend, their policies cannot be primary over Plaintiff's policies. This argument rests entirely upon the mistaken premise that their policies provided no coverage. Defendants do *not* dispute that *if* their policies *do* provide coverage, then by their terms Defendants' policies are primary and non-contributory.

Defendants also misconstrued Plaintiff's argument regarding the umbrella policies. Plaintiffs simply argue that – to the extent Defendants are arguing their settlement for Shaw exhausted their policy limits and discharged any continuing duty to defend – the umbrella policies then become primary. *See* **Doc. #19**, pp. 19-20. Defendants do not address this contention.

## REQUEST FOR ORAL ARGUMENT

Because of the nature and number of issues involved, Plaintiff requests oral argument on the parties' motions.

WHEREFORE, Plaintiff respectfully submits its Motion for Partial Summary Judgment should be granted, and Defendants' Motion denied.

DATED this 14th day of October, 2014.

> Respectfully submitted,
>
> LAMBDIN & CHANEY, LLP
>
> By: *John W. Fairless*
> L. Kathleen Chaney, Esq.
> John W. Fairless, Esq.
> Jerad A. West, Esq.
> 4949 S. Syracuse Street, Suite 600
> Denver, Colorado 80237
> Telephone:   (303) 799-8889
> Facsimile:   (303) 799-3700
> Email:   kchaney@lclaw.net
>
> *Attorneys for American Family Mutual Insurance Company*

## CERTIFICATE OF SERVICE

  I hereby certify that on the 14th day of October, 2014, I electronically filed the foregoing **REPLY IN SUPPORT OF PLAINTIFF AMERICAN FAMILY MUTUAL INSURANCE COMPANY'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND REQUEST FOR ORAL ARGUMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Nancy L. Pearl, Esq.
Laura Trask Schneider, Esq.
Pearl Schneider, LLC
999 18th Street, South Tower, Suite 1850
Denver, CO 80202

                       _____
                       John W. Fairless